# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SYDNEY BUDGE,<br><br>    Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>    Defendant. | Case No.: 2:19-cv-01804-NJK<br><br>**ORDER**<br><br>[Docket No. 23] |

Pending before the Court is the parties' stipulation for attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 23.

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012). Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

Here, Plaintiff seeks to recover a total of $5,400 in attorneys' fees and costs. Docket No. 23 at 1–2. However, Plaintiff fails to include supporting documentation and discussion as to the reasonableness of the fees sought; therefore, the Court is unable to conduct the necessary analysis under the lodestar method. *See Douzat v. Saul*, 2020 WL 3408706, at * 1 (D. Nev. June 11, 2020).

Accordingly, the parties' stipulation for attorneys' fees and costs is hereby **DENIED** without prejudice. Docket No. 23.

Dated: December 28, 2020

Nancy J. Koppe
United States Magistrate Judge

1