# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| SYDNEY BUDGE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ANDREW SAUL,<br><br>　　　　Defendant. | Case No.: 2:19-cv-01804-NJK<br><br>**ORDER**<br><br>[Docket No. 25] |

Pending before the Court is Plaintiff's memorandum in support of the parties' stipulation for fees and expenses. Docket No. 25. The request is properly resolved without a hearing. *See* LR 78-1. For the reasons discussed more fully below, the request is **GRANTED** in part and **DENIED** in part.

## I.   BACKGROUND

This is an action for judicial review of the denial of social security benefits. On September 23, 2020, the Court issued an order finding that the administrative law judge committed reversible legal error in this case by failing to cite specific evidence in the record to undermine Plaintiff's subjective testimony about her work history and job performance with and without a job coach clearly and convincingly. Docket No. 21 at 10–11. The Court therefore reversed the Commissioner of Social Security's ("Commissioner") denial of social security disability insurance benefits and remanded the case for further administrative proceedings. *Id.* at 1, 11.

On December 23, 2020, Plaintiff filed an unopposed motion for an award of $5,400 in attorneys' fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). Docket No. 23. The Court denied Plaintiff's motion without prejudice for lack of supporting documentation and discussion as to the reasonableness of the requested fees. Docket No. 24. On January 14, 2021, Plaintiff filed the instant request. Docket No. 25.

## II. LEGAL STANDARD

The Court has an independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed. *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020); *see also Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999); *Antunez v. Comm'r of Soc. Sec. Admin.*, 2017 WL 4075830, at *2 (D. Ariz. Sept. 13, 2017). This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request. *See Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections"); *see also Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1135 (9th Cir. 2012) (case law interpreting § 1988 applies equally to the task of determining a reasonable fee under the EAJA). This obligation is also highlighted by the Court's Local Rules. *See* LR 7-2(d) (an unopposed motion may be summarily granted except, *inter alia*, a motion for attorneys' fees); LR 54-14(d) ("If no opposition is filed, the court may grant the motion [for attorneys' fees] after independent review of the record").

Fees awarded pursuant to the EAJA are calculated pursuant to the lodestar method. *Costa*, 690 F.3d at 1135. Under the lodestar method, the Court determines a fee award by multiplying the number of hours reasonably expended by a reasonable hourly rate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The lodestar figure is presumptively reasonable. *Cunningham v. Cty. of Los Angeles*, 879 F.2d 481, 488 (9th Cir. 1988). Courts have "substantial discretion in fixing the amount of an EAJA award." *I.N.S. v. Jean*, 496 U.S. 154, 163 (1990).

## III. ANALYSIS

### A. Judicial Review

Plaintiff submits that the Court is under no obligation to review the reasonableness of the requested fees rigorously. Docket No. 25 at 11. Specifically, Plaintiff submits that "the Court's oversight of the EAJA process should not amount to a rigorous extraction of itemization and defense of each line of the fee request where the fee requested and the hours claimed appear reasonable." *Id.* Instead, Plaintiff submits that the Court need only rely on the Commissioner's

2

expertise and consent to the instant request to find the requested fees reasonable. *Id.* at 12. In effect, Plaintiff asks the Court to approve her fee request without reviewing the factual premises upon which the fee request relies, including the hours claimed to be expended and the hourly rate purported to be reasonable. To do so would nullify the Court's independent legal obligation to review the reasonableness of the requested fees. Thus, the Court will assess the reasonableness of the instant request for attorneys' fees by reviewing the hours claimed to be expended and the hourly rate purported to be reasonable.

### B. Hours Expended

The touchstone in determining the hours for which attorneys' fees should be calculated is whether the expenditure of time was reasonable. *See, e.g.*, *Marrocco v. Hill*, 291 F.R.D. 586, 588 (D. Nev. 2013). The Court "has a great deal of discretion in determining the reasonableness of the fee and, as a general rule, [an appellate court] will defer to its determination . . . regarding the reasonableness of the hours claimed by the [movant]." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 453 (9th Cir. 2010). The reasonableness of hours expended depends on the specific circumstances of each case. *Camacho v. Bridgeport Fin'l, Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

Plaintiff seeks to recover for 24.3 hours of attorney time spent on this case. Docket No. 25 at 6. The billing records show that three attorneys from the out-of-state Law Office of Lawrence D. Rohlfing worked on this case: Young Cho, Cyrus Safa, and Marc V. Kalagian. Docket No. 25-1 at 1. These billing records also show overlap and redundancy among the attorneys in the time spent on this case. For instance, it is unclear why Mr. Kalagian spent time reviewing documents when his efforts did not materialize into any subsequent work product. *See id.* Further, while Mr. Cho prepared and conducted legal research for certain briefs, Mr. Safa spent an additional hour reviewing and editing Mr. Cho's briefs. *See id.* There is nothing inherently wrong with multiple attorneys working on a single case; however, the Court is nonetheless obligated to ensure attorney efforts are not redundant and inefficient. In his declaration, Mr. Kalagian submits that courts have always found Mr. Cho's work to be of the highest quality. Docket No. 25 at 14. Thus, it is unclear why Mr. Safa spent additional time reviewing and editing Mr. Cho's briefing. For these reasons, the Court will provide a 5% haircut to the attorney hours sought. *See Moreno v. City of*

3

*Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008) (addressing wide discretion to provide a haircut of up to 10% for duplicative efforts). The Court will therefore include 23.1 hours of attorney time in the lodestar calculation.

Plaintiff also seeks to recover for 2.5 hours of paralegal time. Docket No. 25 at 6. Time spent by a paralegal on clerical matters is part of a law firm's overhead and is not recoverable under the EAJA. *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009). Tasks such as organizing documents and maintaining a case file are clerical in nature. *See id.* "Receipt" of a court order or other document is similarly clerical in nature. *See, e.g.*, *McDade v. Saul*, 2019 WL 6251229, at *6 (N.D. Cal. Nov. 22, 2019); *Garcia v. Colvin*, 2013 WL 5347494, at *7–8 (E.D. Cal. Sept. 23, 2013); *Santos v. Astrue*, 2008 WL 2571855, at *3 (C.D. Cal. June 26, 2008). Here, the billing records show six instances of a paralegal's "receipt" of an order or other document, amounting to 0.6 hours. Docket No. 25-1 at 1. The Court will exclude these hours for clerical work and will therefore include 1.9 hours of paralegal time in the lodestar calculation.

Accordingly, the Court will calculate the lodestar using 23.1 hours of attorney time and 1.9 hours of paralegal time.

**C. Hourly Rate**

Under the EAJA, reasonable attorneys' fees "shall be based upon prevailing market rates of the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A); *see also Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005). A cost-of-living adjustment is not automatic. *McNulty v. Sullivan*, 886 F.2d 1074, 1074 (8th Cir. 1989). Whether to adjust the hourly rate to compensate for inflation is a matter entrusted to the Court's discretion. *Sorenson v. Mink*, 239 F.3d 1140, 1148–49 (9th Cir. 2001) ("District courts *may* adjust that fee to compensate for an increase in the cost of living") (emphasis added); *see also Jawad v. Barnhart*, 370 F. Supp. 2d 1077, 1080 (S.D. Cal. 2005). The movant bears the burden of establishing a sufficient basis for such an enhancement. *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). Even when a showing has been made for

enhanced rates under the EAJA, the movant must also show that those rates are in line with the prevailing rates in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation. *Nadarajah*, 569 F.3d at 916; *see also Bryant*, 578 F.3d at 450.

Plaintiff seeks an hourly attorney rate of $206.77. Docket No. 25 at 5. Plaintiff fails to include any information showing that such a rate is in line with the prevailing rates in the community for similar services by lawyers of comparable skill, experience, and reputation. Plaintiff merely submits that such a rate is proper based on an increase in the cost of living. *Id.* However, a cost-of-living adjustment is not automatic. Absent any additional reason as to why such an increase is proper, the Court finds that Plaintiff fails to provide sufficient information permitting the Court to exercise its discretion to increase the attorney hourly rate provided for in the EAJA. Therefore, the Court will calculate the attorneys' fees at the $125 statutory cap.

Plaintiff also seeks an hourly paralegal rate of $122.06. Docket No. 25 at 6. In support of this proposed paralegal rate, Mr. Kalagian submits in his declaration that the paralegal on this case is the firm's lead paralegal and has worked on federal court cases since 2009. Docket No. 25 at 15. Plaintiff further submits that the proposed rate is proper based on the average market rate for paralegals working in consumer law in 2018, and the increase in the cost of living. *Id.* at 6. As discussed, a cost-of-living adjustment is not automatic. Moreover, Plaintiff fails to demonstrate how the market rate for consumer law paralegals translates to the reasonable rate for paralegal services in this social security case. Mere reference to the consumer law survey is not grounds to award the rate sought. *See Rosemary C. v. Berryhill*, 2018 WL 6634348, at \*5 (D. Me. Dec. 19, 2018) (discounting value of consumer law survey given that it does not specify that it includes data for paralegals working in the social security field). Additionally, the paralegal rate proposed in this case falls at the high end of the rate for a senior paralegal in this District who is working on more complex legal matters. *See, e.g.*, *Int'l Inst. of Mgmt. v. Org. for Econ. Coop. & Dev.*, 2019 WL 5578485, at \*7 (D. Nev. Oct. 29, 2019) (in copyright infringement case, noting that the typical range for paralegal rates in Las Vegas is $75 to $125). For these reasons, the Court finds that Plaintiff fails to provide sufficient evidence justifying the proposed paralegal rate. The Court will therefore set an hourly paralegal rate of $75.

Accordingly, the Court will calculate the lodestar with attorney rates of $125 and paralegal rates of $75.

### D. Lodestar Calculation

In light of the above, the Court will award attorneys' fees in the amount of 23.1 hours of attorney time at the hourly rate of $125 plus 1.9 hours of paralegal time at the hourly rate of $75. Accordingly, attorneys' fees will be awarded in the amount of $3,030.

## IV. CONCLUSION

For the reasons discussed above, Plaintiff's request for fees and expenses, Docket No. 25, is hereby **GRANTED** in part and **DENIED** in part. Attorneys' fees will be awarded in the amount of $3,030. These fees awarded under the EAJA must offset any later attorneys' fees awarded under 42 U.S.C. § 406(b), if such an award is made.

IT IS SO ORDERED.

Dated: January 15, 2021

_____
Nancy J. Koppe
United States Magistrate Judge